"State of North Carolina — Rutherford County.
"To any regular officer of Rutherford County — Greeting:
"Seal, Jonathan Hampton.
"Whereas, Andrew Hampton hath complained on oath to me, a justice of the peace for said county, that he hath good reason to believe that Mark Powell, late of said county, and his connections, have endamaged him to the amount of," etc., the rest in the common form. At October Term, 1782, the attachment was returned, "executed July 12, 1782, by me, Henry Trout, Constable"; and at the same term it was ordered by the Court that the goods attached remain in the hands (307) of the sheriff, and that he take proper measure to secure the same, until the event of the suit be known; and judgment by default was entered. At January Court, in 1785, a jury was impaneled and sworn to inquire of the plaintiff's damages sustained, etc., who assessed his damages to £ 129 2s and costs, and upon this judgment was entered and an execution issued, under which the property attached was sold. The following are the assignments of error:
1. That the suit was instituted by original attachment, and the plaintiff therein hath not sworn positively to any debt or damage due or done by him, the said Mark, but that said plaintiff had good reasons to believe that said Mark and his connections had endamaged him, etc.
2. That the said attachment was executed and returned by a constable to July sessions, 1782, viz., the 12th of July, being the same day on which the said process was dated and granted by Jonathan Hampton, Esq.
3. That it was then ordered by the Court that the goods attached remain in the hands of the sheriff until the event of the suit, and that the said plaintiff was then sheriff of the county of Rutherford, to whom said order was directed.
4. That the plaintiff did not give bond to prosecute his suit, nor did make and sign affidavits of the facts set forth therein according to law, and return the same.
5. That the plaintiff, Andrew Hampton, being the sheriff of said county, did summon the jury to execute a writ of inquiry on said suit, and did as sheriff preside at the trial.
6. That Henry Trout, the constable who executed said attachment, hath not returned on what lands or goods the same was levied, but barely endorsed "executed and returned." *Page 260 
7. That no declaration or any other paper setting forth the nature of the charge was filed, and therefore the said Mark Powell, for these reasons, prays that the said judgment may be annulled and reversed.
The question is, are the foregoing matters assigned for error, (308) or any of them, sufficient to reverse the judgment obtained in the county court?
We have considered the exceptions taken to this record, and shall briefly state, in the order of assignment, the reasons which lead us to conclude that this judgment ought not to be reversed.
1st error. The Act of Assembly upon this subject, Iredell, page 301, does not require that the party obtaining an attachment shall swear positively to the amount of his debt or damage. It is sufficient that he swears to the best of his knowledge and belief, and the oath taken in the present case does not substantially differ from that required by the act. Had it varied from the effective meaning of the act, it must have been considered as no oath at all, and then the defendant might have availed himself of it by plea in abatement, and wherever an exception may be so taken, it cannot be assigned as error. The act has at once prescribed the form of proceeding, and directed the manner in which any omission shall be taken advantage of by the defendant. If, therefore, this be an error, it would be wrong to reverse a judgment long since rendered, where the defendant might, in the first instance, have abated the writ.
2. We conceive that this irregular return is helped by the two statutes of Jeoffail, 18th Eliz., ch. 14, and 4 and 5 Ann., ch. 16, the first of which provides that judgment shall not be stayed or arrested by reason of any imperfect or insufficient return of any sheriff or other officer, and by the latter act the same practice is extended to judgment by default.
3. This is altogether a collateral matter, no way essential to the gist of the action, nor in any respect connected with the regularity of the judgment. But it does not appear on the face of the record that the defendant in error was the sheriff of the county when this order was made, and presumption, if made at all, should be rather to support than destroy a judgment. The order itself likewise is merely surplusage. It is directory on the sheriff to do that which the law has already (309) enjoined upon him, for it may fairly be interpreted that he either keep the goods in his custody or deliver them upon being replevied. Let this exception, however, have its greatest force, and we think it comes completely within the spirit and meaning of the statutes of the 16th and 17th Car., 2d ch. and 4 and 5 Ann., ch. 16.
4. This should have been pleaded in abatement.
5. Admitting that this appeared upon the record, which it does not, yet it is to be considered that the jurors are appointed by the Court, and *Page 261 
the sheriff possesses no other power than merely as a minister to summon them to attend. Even in England, where the mode of appointing juries is extremely different, this objection could only form a cause of challenge to the array, and if omitted to be so taken, could not be assigned for error. Challenges might also have been made on the same ground had the inquest been formed of talesmen; but to presume that they were so formed would be to make an error where none appears.
6. The return is certainly informal, but is cured by the statutes before referred to.
7. If there be any weight in this objection, as applied to original attachments, we think that under the circumstances of this case it cannot be taken advantage of in error.
Cited: Garmon v. Barringer, 19 N.C. 503.
NOTE. — See Bickerstaff v. Dellinger, post, 479; State Bank v.Hinton, 12 N.C. 397; Skinner v. Moore, 19 N.C. 138; Minga v.Zollicoffer, 23 N.C. 278.